IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JILL M. ATHEY, individually and on behalf of a class of similarly situated persons, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| NORTH STAR CAPITAL ACQUISITION, LLC, and FRIEDMAN AND WEXLER, LLC, | )<br>)<br>) |
| Defendants. | ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff, Jill M. Athey (nee Wiznerowicz) ("Plaintiff"), brings this action individually and on behalf of two classes of similarly situated persons to secure redress against an unlawful collection practice engaged in by Defendant North Star Capital Acquisition, LLC ("North Star") and Friedman and Wexler, LLC ("Friedman and Wexler") collectively ("Defendants") that violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods including filing suit on a time barred debt. *See e.g. Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480 (M.D.Ala. 1987).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. §1692k (FDCPA).

1

4. Venue and personal jurisdiction over Defendant in this District is proper because:

    a. Plaintiff resides in the District;

    b. Defendants transacts business in the District via the filing of lawsuits;

    c. Friedman and Wexler maintains an office in Chicago, Illinois; and

    d. Defendants' collection activities occurred within the District.

**PARTIES**

5. Plaintiff is an individual who resides in the Northern District of Illinois.

6. Defendant North Star Capital Acquisition LLC is a limited liability company chartered under Minnesota law with offices at 170 Northpointe Parkway, Suite 300, Amherst, NY 14228. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

7. North Star, in part, engages in the practice of attempting to collect debts that are in default through litigation.

8. Northstar is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

9. Friedman and Wexler, LLC is a law firm organized as an Illinois limited liability company. Its registered agent is Mitchell H. Wexler, 500 W. Madison St., Suite 450, Chicago, Illinois 60661.

10. Friedman and Wexler website, in part, self describes itself as, "fully-integrated debt recovery organization serving consumer and commercial clients throughout the United States." http://www.friedmanandwexler.com/

11. Friedman and Wexler files lawsuit on behalf of clients such as North Star in an attempt to collect a debt.

12. Friedman and Wexler is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein. *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).

## FACTS

13. In 2000 Plaintiff obtained a credit card with Wells Fargo Financial which she used for personal, household, or family purposes.

14. In 2001, Plaintiff fell on hard economic times.

15. Plaintiff had not made a charge or payment on the account North Star sued her upon since May 2001.

16. Since May 2001, Plaintiff has been in default on the Wells Fargo Financial credit card.

17. In 2009, Friedman and Wexler filed a lawsuit on behalf of North Star against Plaintiff on the Wells Fargo Financial credit card in the matter styled, <u>North Star Capital Acquisition, LLC., Assignee of WELLS FARGO FINANCIAL v. Jill M. Wiznerowicz</u>, 09 SC 4851, Kane County, Illinois (the "state court matter"). A redacted copy of the complete state court matter's Verified Complaint and attachment is attached hereto as <u>Exhibit 1</u>.

18. Being served with the lawsuit was the first time in years that Plaintiff received any communication regarding the debt.

3

19. Plaintiff hired an attorney at her expense who filed a motion to dismiss the state court matter with prejudice under 735 ILCS 5/2-619(a)(5).

20. Plaintiff has suffered actual damages as a result of Defendants' filing the state court matter.

21. Friedman and Wexler on behalf of North Star agreed to dismiss with prejudice the state court matter after receiving the motion to dismiss the state court matter.

22. Paragraph 1 of the Verified Complaint states, "That the Plaintiff is the holder of a credit card account number [redacted] issued to Defendant JILL M WIZNEROWICZ who accepted by use thereof the terms and conditions of said account. A true and correct copy of a statement is attached hereto and made a part hereof as Exhibit 'A'."

23. North Star ratified and approved of all actions taken by Friedman and Wexler and its employees in relation to filing the state court complaint against Plaintiff and the putative classes.

## COUNT I
## SUING ON TIME BARRED DEBT
## FDCPA §§ 1692e and § 1692f VIOLATIONS

24. Plaintiff incorporates paragraphs 1-23 above.

25. 15 U.S.C § 1692e, in pertinent part, provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt. . . .

4

> \* \* \*
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .
>
> \* \* \*
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

26. 15 U.S.C. §1692f in pertinent part, states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

27. In Illinois the statute of limitations a credit card lawsuit such as the one filed against Plaintiff is 5 years. *Portfolio Acquisitions, L.L.C. v. Feltman*, 391 Ill. App. 3d 642, 652, 909 N.E.2d 876, 884 (1st. Dist. 2009); *Nicolai v. Mason*, 118 Ill. App. 3d 300; 454 N.E.2d 1049 (5th Dist. 1983); *Ramirez v. Palisades Collection LLC*, No. 07 C 3840, 2008 U.S. Dist. LEXIS 48722 (N.D. Ill. June 23, 2008); *Parkis v. Arrow Financial Services, LLC*, 07 C 410, 2008 U.S. Dist. LEXIS 1212 (N.D. Ill. Jan 8, 2008); *Rawson v. Credigy Receivables, Inc.*, 05 C 6032, 2006 LEXIS 6450 (N.D. Ill. Feb. 16, 2006); *See also Weniger v. Arrow Financial Services*, No. 03 C 6213, 2004 U.S. Dist. LEXIS 23172 (N.D. Ill. Nov. 17, 2004).

28. Defendants' conduct of filing the state court matter violated 15 U.S.C §§ 1692e, e(2)(A), e(5), e(10) and f.

**COUNT II**
**FALSE STATEMENT**
**FDCPA §§ 1692e and e(10)**

29. Plaintiff incorporates paragraphs 1-23 above.

30. The statement in the state court matter Verified Complaint, "A true and correct copy of a statement is attached hereto and made a part hereof as Exhibit 'A'" is false, material, deceptive and misleading as it is used in an attempt to cerate an account stated to

which it can obtain a default against a consumer without having to go to the expense of obtaining any actual statement of the consumer.

31. Stating that a statement is attached when no statement is attached is contrary to 1692(e)'s provision, "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged" in that an economic cost saving advantage is gained over those debt buyers who actually obtain by paying for and then attaching to state court complaints a statement related to the consumer's account

32. Defendants violated 15 U.S.C §§ 1692e, e(10).

## CLASS ALLEGATIONS

33. Plaintiff brings this action on behalf of two class pursuant to FED. R. CIV. P. 23(a) and 23(b)(3).

34. The first class consists of (a) all individuals with Illinois addresses, (b) against whom Defendants filed suit on a credit card debt originated with Wells Fargo Financial (c) where both the date of charge-off and the date of last payment, as shown by either of the Defendants' records, were more than five years prior to the date of filing, (d) where the lawsuit was filed or served on or after one year before the filing of this action and 20 days after the filing of this action, and (e) Defendants did not attach to the complaint a written contract signed by both the original creditor and the putative debtor.

35. The second class consists of all (a) all individuals with Illinois addresses, (b) against whom Freedman and Wexler, LLC filed suit on behalf of North Star Capital Acquisition, LLC (c) where the complaint against the consumer stated, "A true and correct copy of a statement is attached hereto and made a part hereof as Exhibit 'A'" (d) where no

6

copy of a statement was attached as Exhibit A (e) where the lawsuit was filed or served on or after one year before the filing of this action and 20 days after the filing of this action.

36.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions relating to individual class members.

37.     The predominant question for the first class is whether the filing of a time barred lawsuit violates the FDCPA. The predominant question for the second class is whether the false statement in the state court complaints filed against consumers violates the FDCPA.

38.     Plaintiff's claims are typical of the claims of each of the class members in that they are all based on the same factual and legal theories.

39.     On information and belief the class is so numerous that joinder of all the members is impractical as debt buyers like North Star, typically purchase debt in portfolios comprised of hundreds if not thousands of consumer accounts.

40.     Plaintiff will fairly and adequately represent the members of each class.

41.     Plaintiff has retained counsel who has been referred to by the Seventh Circuit as an, "FDCPA specialist." *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 855, 856 (7th Cir. 2009).

42.     Plaintiff has retained adequate class counsel. *See e.g. Cavin v. Home Loan Center, Inc.* 236 F.R.D 387, 395 (N.D. Ill. 2007) ("The Court finds that Mr. Warner [is]. . . 'experienced, competent, qualified and able to conduct the litigation vigorously'", and therefore met the adequacy of class counsel requirement under Rule 23(a)(4)).").

43. A class action is superior for the fair and efficient adjudication of this matter in that:

    a. Defendant's course of conduct affects a large group of individuals;

    b. Multiple individual actions are not judicially economical;

    c. Congress contemplated class actions as a means of enforcing the FDCPA; and

    d. The Class members are unaware that their rights have been violated.

## COUNT III
## INDIVIDUAL CLAIM
## ILLINOIS CONSUMER FRAUD ACT

44. Plaintiff incorporates paragraphs 1-23 above.

45. The filing of time barred debt collection lawsuits offends public policy, is unscrupulous, and causes injury to already financially stressed consumers.

46. The filing of a time barred lawsuit is an unfair business practice.

47. Defendants' violated the Illinois Consumer Fraud and Deceptive Business Practices Act.

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment against Defendant for:

    (1) Statutory damages to Plaintiff and the Class;

    (2) Actual and punitive damages to Plaintiff;

    (3) Attorney's fees, litigation expenses and costs of suit; and

    (4) Such other relief as the Court deems proper.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner	ARDC# 6282197
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

**NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner	ARDC# 6282197
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

# EXHIBIT 1

OUR FILE NUMBER **6505.287**

## IN THE CIRCUIT COURT OF KANE COUNTY, ILLINOIS
## SIXTEENTH DISTRICT

| | |
|---|---|
| North Star Capital Acquisition, LLC,<br>Assignee of WELLS FARGO FINANCIAL<br>Plaintiff,<br><br>VS.<br><br>JILL M WIZNEROWICZ<br><br><br>Defendant | **'09 SC 4 851**<br><br>NO:<br><br>Amount Claimed: $9,213.50 Plus Costs<br>Return Date: 10\|27\|04<br><br>Clerk of the Circuit Court<br>Kane County, IL<br><br>FILED 87<br>ENTERED |

### VERIFIED COMPLAINT

The Plaintiff claims as follows:

1. That the Plaintiff is the holder of a credit card account number ▓▓▓▓▓▓▓▓ issued to the Defendant JILL M WIZNEROWICZ who accepted by use thereof the terms and conditions of said account. A true and correct copy of a statement is attached hereto and made a part hereof as Exhibit "A".

2. That the Defendant caused various charges to be made pursuant to the issuance thereof and is indebted to the Plaintiff in the principal sum of $3,575.73.

3. That Plaintiff has requested, and Defendant having failed and refused to pay said principal amount and interest accrued thereon is indebted to Plaintiff in the sum of $8,863.50.

4. That Plaintiff is entitled to recover under the cardholder agreement, $5,287.77, as and for interest due from the date of default to the date of filing

5. That pursuant to the cardholder agreement Plaintiff hereby claims reasonable attorney's fees in the amount of $350.00. The total sum due and owing to Plaintiff from Defendant(s) is $9,213.50.

6. That the total sum due and owing to Plaintiff from Defendant is $9,213.50 plus cost of suit

WHEREFORE, Plaintiff prays for judgment against the Defendant, JILL M WIZNEROWICZ, in the sum of $9,213.50 plus cost of suit, plus any additional relief that this Court finds just.

Under penalties as provided by law pursuant to Section 1-109 of the code of civil procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Adam Roberts Esq.
FRIEDMAN AND WEXLER, LLC.
500 W. MADISON STREET SUITE 450
CHICAGO, IL 60661-2587
(312) 474-1000
Attorney # 02993678

**THIS COMMUNICATION IS FROM "A DEBT COLLECTOR" (15USC 1692a)**

6505.287

IN THE CIRCUIT COURT OF KANE COUNTY, ILLINOIS

NORTH STAR CAPITAL }
Assignee of WELLS FARGO FINANCIAL }
        Plaintiff }
         } No.
    vs. }
         }
JILL M. WIZNEROWICZ }
         }
        Defendant(s) }

'09 SC 4○○

Clerk of the Circuit Court
Kane County, IL

FILED
ENTERED

**AFFIDAVIT**

I, _Kristen Fleischauer_ duly sworn upon oath depose and say:

1. That if called to testify to the below facts and the documents attached hereto, I could competently testify to the monies due NORTH STAR CAPITAL Assignee of WELLS FARGO FINANCIAL from JILL M. WIZNEROWICZ on account number ▮▮▮▮▮▮▮;

2. That I am employed as a Collections Specialist;

3. That I have custody and control of the files relating to the subject account;

4. That said files are maintained in the usual and ordinary course of business;

5. That I have reviewed the file relative to the monies due Plaintiff from Defendant;

6. That after allowing for all payments and adjustments, there remains an open balance on the account in the sum of $8,710.67 this represents $3,575.73 for principal balance and $5,134.94 of interest to date, but which does not include attorneys fees in the amount of $350.00, plus interest and costs, were applicable.

7. That the said indebtedness represents the amount due and originating on a credit card, which NORTH STAR CAPITAL is the Assignee of WELLS FARGO FINANCIAL. and that NORTH STAR CAPITAL Assignee of WELLS FARGO FINANCIAL the within named Plaintiff, having purchased said debt from said assignor, is the owner of said debt and is the proper party to bring this action.

FURTHER AFFIANT SAYETH NOT.

_Kristen Fleischauer_
Associate

SUBSCRIBED AND SWORN TO BEFORE ME
THIS _14th_ DAY OF _May_, 20_09_

_Denise A. Riley_
NOTARY PUBLIC

DENISE A. RILEY
Notary Public, State of New York
Registration #01RI6196045
Qualified in Erie County
My Commission Expires November 3, 2012